## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARGARET G. TOUPS**                                            **CIVIL ACTION**

**VERSUS**                                                                **NO. 07-1068**

**STATE FARM FIRE AND**                                      **SECTION: "C" (1)**
**CASUALTY COMPANY,**
**EUGENE DEADY AND**
**RHONDA ROBERTS**

### ORDER AND REASONS

Before this Court is a Motion to Remand filed by Plaintiff, Margaret G. Toups

("Plaintiff") (Rec. Doc. 4), in which she claims that the insurance adjustors, Eugene Deady

("Deady") and Rhonda Roberts ("Roberts"), were not fraudulently joined and that this Court

does not have jurisdiction to hear their case under 28 U.S.C. § 1369, the Multiparty, Multiforum

Trial Jurisdiction Act ("MMTJA").[1] Defendant, State Farm Fire and Casualty Company ("State

Farm") opposes the motion.  The motion is before the Court on the briefs, without oral argument.

Having considered the memoranda of counsel, the record, and the applicable law, the Court finds

that the Motion to Remand is **DENIED.**

---

[1] State Farm Fire and Casualty Company assert that the Court has jurisdiction under the
MMTJA. However, this Court finds that the MMTJA does not apply to this case.  See, *Fidelity
Homestead Ass'n v. Hanover Ins. Co.*, 2006 WL 2873562 (E.D.La.) (J. Berrigan).

## I. **BACKGROUND**

Plaintiff owns the residence located at 178 Olivia Lane, Empire, Louisiana.  Plaintiff procured a homeowner's insurance policy from State Farm, which she claims was covered by Louisiana's Valued Policy Law ("VPL"), La.R.S. § 22:695(A). She alleges that this insurance police was in effect on August 29, 2005 when Hurricane Katrina made landfall in Louisiana.

Sometime after the storm, Plaintiff reported her losses to State Farm and the adjustment process began.  Plaintiff alleges that Deady and Roberts acted as the insurance adjustors for her claim.

Plaintiff was dissatisfied with the handling and adjustment of her insurance claim. As a result, she filed this suit in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana alleging that the insurance adjustors acted in bad faith in adjusting her claim, failed to disclose material information and acted arbitrarily and capriciously in approving payments of policy proceeds to other State Farm assureds with similar damages, while denying her payment. Plaintiff claims that State Farm, Deady and Roberts are jointly, and severally liable to her. She asserts that her property sustained extensive wind and water damage as a result of the hurricane. According to Plaintiff, covered perils were the proximate causes of her loss, therefore she is entitled to the full value of her insurance policy.

State Farm subsequently removed the action to this court alleging diversity jurisdiction under 28 U.S.C. § 1332 and jurisdiction under the MMTJA, 28 U.S.C. § 1339.   The Court erroneously remanded the case on the belief that the jurisdictional amount was not satisfied and

State Farm filed a Second Notice of Removal.[2]  Plaintiff now moves to remand the action.


## II. <u>ANALYSIS</u>

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006).  The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  See, 28 U.S.C. § 1332 (2006).  For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995).  The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit.  To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland*

_____

[2] The Court acknowledges that the jurisdictional amount is satisfied.  Plaintiff alleges that she is due the full value of their VPL insurance policy because the loss was proximately caused by a covered peril.  The parties have shown that there is still more than $75,000 that State Farm has not paid out to Plaintiffs under their insurance policy.  See, Rec. Doc. 7.

*Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.  *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545).  To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal.  *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)).  Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand.  *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264).  Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one.  *Smallwood*, 352 F.3d at 222.

In its Second Notice of Removal (Rec. Doc. 1), State Farm claims that the alleged Louisiana defendants, Deady and Roberts, were fraudulently joined so as to defeat removal. Specifically, State Farm claims that Plaintiff cannot allege any set of facts which would entitled

4

her to relief from the insurance adjusters.  State Farm reassert these arguments in its opposition

to Plaintiff's motion to remand. See, Rec. Doc. 6.

Under Louisiana law, an insured has remedies against an insurer (1) for arbitrarily failing

to pay the claims of the insured thirty days after the receipt of satisfactory proof of loss and (2)

for failing to abide by its duty of good faith and fair dealing or its affirmative duty to adjust

claims fairly and promptly and to make a reasonable effort to settle claims with the insured.  LA.

REV. STAT. ANN. §§ 22:658 and 22:1220 (West 2006).  Neither of these statutes provides a

remedy against an insurance adjustor.  *Nero v. La. Indep. Ins. Agencies, Inc.,* 2003 WL 203146,

*2 (E.D.La. 2003); *Yates v. Southwestern Life Ins. Co.*, 1998 WL 61033, *4 (E.D.La 1998).

Furthermore, Plaintiff cannot establish a cause of action against the insurance adjustors in

tort.  Plaintiff asserts that an insurance adjuster has a duty to properly handle the claims which

had been delegated to him by the insurer.  However, this Court has previously disagreed with the

holding of *Loehn v. Hardin*, 2002 WL 922380, *2 (E.D.La. 2003), finding instead that the duty

to properly handle insurance claims is imposed by Louisiana Revised Statute § 22:1220, not by

Louisiana Civil Code Article 2315,[3] and that nothing in the statute suggests that the Louisiana

Legislature intended that the duties imposed on insurers be relegable to adjustors. See, *Motin v.

Travelers Insurance Company, et al,* 2003 WL 22533673, *4 (E.D.La. 2003) (J. Berrigan).  The

Court further held that an insurance adjustor does not owe an independent tort duty to the

insured. *Id.*  Specifically, the Court found that the plaintiff's allegations that the defendants

intentionally acted in bad faith in adjusting her claims did not support a cause of action sounding

---

[3] Louisiana Civil Code article 2315 provides in pertinent part that:
A. Every act whatever of man that causes damage to another obliges him by whose fault
it happened to repair it.

5

in tort.

In the case at bar, Plaintiff alleges that the insurance adjustors committed intentional acts which harmed her. She claims that the insurance adjustors acted in bad faith, failed to disclose material facts and acted arbitrarily and capriciously. As stated above, an insurance adjustor has no independent tort duty to the insured.

However, as this Court recognized in *Motin*, under some circumstances an adjustor may owe a tort duty to an insured when they adjustor has undertaken such a duty. See also, *Pennison, et. al. v. State Farm Fire and Casualty Co., et. al.*, 2006 WL 3904984 (E.D.La.) (citing, *Edwards v. Allstate Property and Cas. Co.*, 2005 WL 2215060 (E.D.La.)). Examples of when an adjustor may undertake such a duty can "include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjustor, the content of his promises to the claimants, misrepresentations and fraud." *Edwards v. Allstate Property and Cas. Co.*, 2005 WL 2215060 (E.D.La.) (quoting, *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So.2d 371, 373 (La.App. 1 Cir. 1981)). Furthermore, an adjustor has an "obligation to be truthful when he undertakes to give a claimant information about the potential success of his claim when he knows or reasonably should know that the claimant is relying on the information that he provides to make important decisions about his claim." *Id.* (citing, 46A C.J.S. *Insurance* § 1345(2004)).

Here, Plaintiff has not alleged any facts upon which it could be supposed that the insurance adjustors assumed a duty to her. Plaintiff's allegations that the adjustors acted in bad faith, failed to disclose material information and acted arbitrarily and capriciously do not establish, if true, that the adjusters assumed a duty to her. Furthermore, Plaintiff's claim that the

adjustors advised her "that perils covered under the insurance policy caused the damage/destruction and that the policy limits would be paid; and then subsequently the [Plaintiff] w[as] advised differently," does not support an assumed duty because there is no allegation that the adjustors knew or should have known that Plaintiff was relying on these representations to make certain decisions about how to proceed with her claim.  Thus, Plaintiff fails to state a cause of action against the insurance adjustors, leading to the conclusion that they were fraudulently joined.[4]

Furthermore, Plaintiff's procedural argument must fail.  Plaintiff argues that removal was improper because State Farm did not obtain consent for removal from all of the defendants.  However, the consent of fraudulently joined defendants is not necessary for removal.  See, *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993).

---

[4] Other Eastern District of Louisiana decisions support this Court's conclusion: *Nero v. La. Independent Ins. Agencies*, 2003 WL 203145 (E.D.La. 2003); *M&M Towing Co., Inc. v. United Capitol Ins. Co.,* 1998 WL 169694 (E.D.La. 1998); *Rich v. Bud's Boat Rentals*, 1997 WL 785668 (E.D.La. 1997); *S. Hotels Ltd. P'ship v. Transamerica Ins. Group Premier Ins. Co.,* 923 F.Supp. 882, 888 (E.D.La. 1996).

### III. <u>CONCLUSION</u>

For the reasons stated above,

IT IS ORDERED that Plaintiff's Motion to Remand is **DENIED**.

New Orleans, Louisiana, this 29th day of March, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE